17 F.3d 1443
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Bobby J. HANCOCK, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7127.
 United States Court of Appeals, Federal Circuit.
 Jan. 10, 1994.
 
 Before NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ON MOTION
 PAULINE NEWMAN, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Bobby J. Hancock's appeal for lack of jurisdiction. Hancock has not responded.
 
 
 2
 The Board of Veterans Appeals denied Hancock's claim for service connection for gastrointestinal disorder. The Court of Veterans Appeals vacated the Board's decision and remanded the case to the Board to assist the veteran in developing his case, perform a medical examination, and consider other claims for service connection made by Hancock. Hancock appeals to this court.
 
 
 3
 It appears that Hancock may not have understood that his case was sent back to the Board to give him an opportunity to develop additional evidence that might help Hancock prove his entitlement to benefits. Because Hancock's case was remanded to the Board, the Court of Veterans Appeals' order was not a final, appealable order.
 
 
 4
 In Travelstead v. Derwinski, 978 F.2d 1244, 1249 (Fed.Cir.1992), we stated that, although orders remanding to an administrative agency for further proceedings are not normally final or appealable, a remand order may be recognized as final to insure that the court of appeals will be able to review an important legal question that the remand would make effectively unreviewable. Here, that concern is not applicable. Hancock may appeal any future adverse decision of the Board to the Court of Veterans Appeals and, if appropriate, may then appeal to this court.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.